McIlvaine, C. J.
On the trial below, the jury was properly instructed that the defendant could not be convicted of larceny, if he obtained the possession of the money alleged to have been stolen from the prosecuting witness with his consent, if it was further found that at the time of the transfer of the possession, the right of property in the money also passed from the prosecuting witness to the defendant, although the witness was induced, through the fraud of defendant, to part with the possession and the property in the money. And there was no error in the further instruction : “ If you find, therefore, that the mere possession of the money, with the owner’s consent, was fraudulently obtained by the defendant with intent to steal it from the owner, it is larceny.”
This last instruction, however, was the predicate of a proposition which had been given in explanation of tho first instruction, to wit: “ While the manual possession of money may be in one person, the legal, technical property may still be in another; and a bailment, or possession of goods and chattels, obtained by a trick or fraud, does not *18 transfer the property to the person practicing the trick or fraud.” Whether this, as an abstract proposition of law be true or false, it was certainly misleading in the case as it was made in the evidence. The jury could not well have understood it otherwise than as a declaration by the court, that the transaction, as detailed by the prosecuting witness, amounted to a mere contract of bailment, which left the right of property remaining in the prosecuting witness.
Now, if the common law at all recognizes a class of bailments, corresponding to the mutuum, of the civil law— to wit, where a loan is made of money, wine, or other thing that may be valued by number, weight, or measure, which is to be restored only in kind of equal'value or quantity—it is not true that the right of property in such bailments remains in the bailor; but, on the other hand, the absolute property passes with the possession, and vests in the borrower. In such cases the fraud of the borrower no more prevents the passing of the title to the thing loaned upon delivery, than does fraud on the part of a purchaser of goods. The contract in either case is not void, but only voidable at the election of the lender or •seller.
The better opinion, however, seems to be that such a loan is not a regular bailment at common law, but falls more p roperly under the bAominate contract, do ut facies, and results in a debt, and not in a trust.
The testimony before the jury in the court below tended to prove a loan of money from the prosecuting witness to the defendant, whereby the borrower became indebted to the lender, and assumed to make payment in other money. The testimony of the witness was, that he voluntarily delivered the money to the defendant and never expected to get the same money again. It is true he was induced to make the loan through the fraud and false pretenses of the defendant. No doubt a crime was thus committed by the ■defendant, but it was the crime of obtaining money under false pretenses, and not a larceny. To constitute larceny *19 in a case where the owner voluntarily parts with the possession of his property, two other conditions are essential: 1. The owner, at the time Of parting with the possession, must expect and intend that the thing delivered will be returned to him or disposed of under his direction for his benefit; 2. The person' taking the possession must, at the time, intend to deprive the owner of his property in the thing delivered. But where the owner intends to transfer, not the possession merely, but also the title to the property, although induced thereto by the fraud and fraudulent pretenses of the taker, the taking and carrying away do not constitute a larceny. In such case the title vests in the fraudulent taker, and he can not be convicted of the crime of larceny, for the simple reason that, at the time of the transaction, he did not take and carry away the goods of another person, but the goods of himself.
Had the law been thus stated to the jury, there is no doubt the verdict would have been not guilty as he stood charged in the indictment.
Judgment reversed, and cause remanded for such further •proceeding as may be lawfully had in the premises.
Welch, White, Rex, and Gilmore, JJ., concurred.